## (February 16, 1984)

■ The People of the State of New York, Respondent, v Bertie E. Wilsey, Appellant. — Appeal from a judgment of the County Court of Madison County (Patane, J.), rendered April 28, 1981, upon a verdict convicting defendant of the crimes of kidnapping in the second degree and attempted sexual abuse in the first degree. Defendant was indicted for kidnapping in the second degree and attempted rape in the first degree based on an incident of October 13, 1980 in which he was alleged to have abducted and assaulted a woman. After a jury trial, defendant was found guilty of kidnapping in the second degree and attempted sexual abuse in the first degree, which was charged as a lesser included offense of attempted rape in the first degree. Defendant was sentenced to concurrent indeterminate terms of 10 to 20 and 2 to 4 years. Defendant appeals from the judgment of conviction. Defendant contends that prosecution for the kidnapping count is barred by the doctrine of merger. Initially, we note that defendant did not raise this contention at the trial court by way of a motion to dismiss and, therefore, failed to preserve the issue for our review (CPL 470.05). However, even if we were to consider the contention in the interest of justice (CPL 470.15, subd 6, par [a]), we would reject it as without merit. Under the "merger doctrine", a conviction for kidnapping is barred if such conviction is: "based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Cassidy,* 40 NY2d 763, 767). This doctrine only applies if the conduct underlying the abduction was incidental to and inseparable from another crime (*People v Smith,* 47 NY2d 83, 87). Here, defendant tackled the victim on a beach and robbed her. The conduct of tackling and restraining the victim at that point probably merged with the robbery. Defendant then forcibly put the victim in his car and drove until he ran out of gas. Defendant then forced the victim out of the car and into a field where he sexually assaulted her. This conduct was the basis for the attempted sexual abuse conviction. Arguably, the merger doctrine may have prohibited a kidnapping conviction up to this point. Defendant continued to restrain the victim while he obtained gas and brought her back to his car, at which point she escaped. Such prolonged restraint was manifestly not incidental to and inseparable from the acts constituting the attempted sexual abuse and, therefore, the merger doctrine would not be applicable. We have considered defendant's further contention that he was denied the effective assistance of counsel and find it to be without merit. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ.