■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DE SOTO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered December 22, 1982, convicting him of kidnapping in the first degree, promoting prostitution in the second degree (two counts), assault in the second degree, rape in the third degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree, and criminal possession of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was charged, *inter alia,* with kidnapping two individuals, Linda Reyes and Patricia Hilburn. The jury acquitted defendant of both kidnapping counts involving Linda Reyes, but convicted him of one of the kidnapping charges involving Patricia Hilburn. On appeal, defendant claims that the differing verdicts as regards each of the two complainants are repugnant.

Initially, it should be noted that defendant failed to raise an appropriate objection before the jury was dismissed, and is thereby precluded from raising this issue on the appeal (*Peo-*

ple v Satloff, 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Howard,* 107 AD2d 712; *People v Holmes,* 104 AD2d 1049). However, even were we to consider the merits, it is clear that there is no repugnancy.

Defendant also maintains that the crime of kidnapping in the first degree merged with the crime of promoting prostitution in the second degree. Both this court and the Court of Appeals have concluded that the merger doctrine is inapplicable to the crime of kidnapping in the first degree as defined in Penal Law § 135.25 (2), since the Legislature has specifically declared that an abduction for one of the several enumerated purposes which lasts in excess of 12 hours is punishable as a kidnapping (*People v Cassidy,* 40 NY2d 763, 765-766; *People v Pellot,* 105 AD2d 223, 230-231). Accordingly, there was no merger in the case at bar.

Defendant's other contentions have been considered and have been found to be without merit. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.