■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERDINAND VALERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered February 23, 1984, convicting him of kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the complainant, who was 17 years old at the time of the kidnapping, testified that she left her residence in Lindenhurst, New York, at about 5:00 P.M. on May 14, 1983, and went to a convenience store near her home. A man and woman, identified as the defendant and his codefendant Tiffany Collins, approached and offered her $10 if she would baby-sit for half an hour. After telling them she would have to ask her mother's permission, the codefendant Tiffany Collins convinced her to get into their car by telling her she could call her mother from their nearby home. She was seated between the defendant and his codefendant in the car which proceeded to Queens County despite the complainant's concern over her whereabouts. After complainant entered the defendant's and the codefendant's apartment, they made it clear that she was not free to leave. For the next week, she was held a virtual prisoner while the defendant and the codefendant sexually abused her and tried to force her into a life of prostitution.

The defendant testified in his own behalf and essentially denied that he and the codefendant Collins had kidnapped the complainant. He claimed that she had gone with them voluntarily and had freely engaged in the sexual acts.

The defendant contends that his guilt was not established because of inconsistencies in the complainant's testimony. Viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to support the verdict *(see,*

*People v Contes,* 60 NY2d 620; *People v Gavins,* 118 AD2d 582). Considering that the resolution of issues of credibility is properly a function of the jury, upon the exercise of our factual review power, we find nothing to warrant disturbing its determination on that issue and are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that Suffolk County lacked geographical jurisdiction over the crime of kidnapping in the first degree is also without merit. Although the prosecution had a burden of proving that at least one element of the crime of kidnapping in the first degree occurred in Suffolk County *(see,* CPL 20.40), venue is not an element of the crime and need only be proven by a preponderance of evidence *(see, People v Botta,* 100 AD2d 311, 314). The crime of kidnapping in the first degree requires that there be an abduction *(see,* Penal Law § 135.25) which is merely a serious form of restraint *(see,* Penal Law § 135.00 [2]) which can be accomplished by means of deception *(see,* Penal Law § 135.00 [1]). Further, an abduction can occur by "secreting or holding [a person] in a place where he is not likely to be found" *(see,* Penal Law § 135.00 [2]). The jury could have determined that, by placing the complainant in a moving car, the defendant was holding her in a place where she was unlikely to be found *(see, People v Valero,* 120 Misc 2d 539). Under the circumstances, the evidence presented by the People was sufficient to support a finding that at least one element of the crime of kidnapping in the first degree occurred in Suffolk County.

The defendant's argument that the merger doctrine applies to his conviction, as the complainant's abduction was merely incidental to the commission of other crimes, is without merit. The Legislature has specifically declared that an abduction which lasts in excess of 12 hours is punishable as a kidnapping *(see,* Penal Law § 135.25 [2]; *People v Cassidy,* 40 NY2d 763, 765-766; *People v De Soto,* 112 AD2d 444).

The defendant's remaining arguments, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.