■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIRWAIS SALIMI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 10, 1987, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that his conviction for kidnapping in the second degree is barred by the judicially created merger doctrine, which precludes a conviction for kidnapping based on acts which are integrally related but subordinate to another substantive crime (see, People v Geaslen, 54 NY2d 510; People v Cassidy, 40 NY2d 763). Having failed to challenge the jury's verdict on this basis before the trial court, the defendant has not preserved this claim for appellate review (see, People v Udzinski, 146 AD2d 245, 250; People v Wilsey, 99 AD2d 877). The additional procedural obstacle upon which the People urge this court to decline to address the defendant's argument, specifically, that since the defendant was convicted solely of the kidnapping, the merger doctrine properly could not be invoked, is unavailing. Unlike the situations in People v Rios (60 NY2d 764, 766) or People v Pellot (105 AD2d 223, 229-230), where the defendants were charged only with a kidnapping and, hence, the doctrine could not apply since there existed no other crime with which the kidnapping could merge (see also, People v Kalyon, 142 AD2d 650), here, as in People v Usher (49 AD2d 499, affd 40 NY2d 763), the defendant was charged with substantive crimes, specifically, robbery and sexual abuse, with which the kidnapping could, in the appropriate circumstances, merge, despite his acquittal thereon (cf., People v Kalyon, supra). The defendant's claim is, in any event, without merit. His restraint and asportation of the complainant were accomplished by acts which were not merely incidental to and inseparable from acts which the People alleged constituted a robbery or sexual assault (see, People v Wilsey, 99 AD2d 877, supra).

The defendant's challenge of the evidence supporting his conviction as legally insufficient for the failure of proof regarding the element of "abduction" (Penal Law §§ 135.00, 135.20) is similarly unpreserved for this court's review (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250, supra). This claim is, in any event, without merit, since, viewing the evidence adduced at trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant restrained the complainant with intent to prevent her

liberation by holding her in a place where she was unlikely to be found, i.e., a car traveling aimlessly through Queens in the middle of the night *(see,* Penal Law § 135.00 [2]; *People v Valero,* 134 AD2d 635), or by threatening her with the use of deadly physical force, i.e., a gun *(see, People v Dodt,* 61 NY2d 408, 414-415).

Finally, we perceive of no basis upon which to modify the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.