■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BALCOM, Appellant.—Judgment unanimously affirmed. Memorandum: While the victim, a young woman, was about to enter her car in a parking lot, defendant approached her from the rear. He held a knife to her throat and, threatening to kill her, ordered her to get into the car. She told defendant to take the car and leave her alone, but he told her to shut up; he didn't want the car. After they both entered the car, defendant continued to hold the knife at the victim's throat for about five minutes while several attempts were made to start the engine. Finally, after moving in reverse and then moving forward about 40 feet, the car hit a railroad tie in the parking lot and stalled. The victim seized that opportunity to grab the knife, push the blade away from her throat, and jump out of the car. Defendant fled on foot.

We reject defendant's contention that the evidence was insufficient to prove the crime of kidnapping in the second degree (Penal Law § 135.20). The evidence shows that the victim's "movements [were] intentionally and unlawfully [re-

stricted] in such manner as to interfere substantially with [her] liberty by * * * confining [her] either in the place where the restriction commence[d] or in a place to which [she had] been moved, without consent and with knowledge that the restriction [was] unlawful" (Penal Law § 135.00 [1]), and that she was so restrained "with intent to prevent [her] liberation by * * * using or threatening to use deadly physical force" (Penal Law § 135.00 [2]; *see, People v Dodt,* 61 NY2d 408; *see also, People v Hope,* 257 NY 147).

We conclude, also, that the verdict was not against the weight of the evidence and that the sentence was not harsh and excessive. (Appeal from Judgment of Oneida County Court, Buckley, J.—Kidnapping, 2nd Degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.