■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PAGANO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 21, 1990, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the evidence was legally insufficient to prove the crime of kidnapping in the second degree. We disagree.

The defendant abducted the complainant at gun point. During the incident he showed her his parole papers which contained prior convictions for murder and robbery, to let her know he "mean[t] business". He demanded that she drive him to Staten Island, and refused to tell her what he would do with her once she drove him there. However, while getting gas, the complainant managed to escape. There was no attempt by the defendant to commit any other crime which would have made the abduction incidental to it. Thus, the doctrine of merger is inapplicable, as the defendant concedes *(see, e.g., People v Cain,* 76 NY2d 119, 124-125; *People v Levy,* 15 NY2d 159, *cert denied* 381 US 938). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of kidnapping in the second degree *(see, People v Balcom,* 171 AD2d 1028; *People v Dodt,* 92 AD2d 1063, *revd on other grounds* 61 NY2d 408).

We also find that the trial court properly denied the defendant's request to charge the lesser included offense of unlawful imprisonment. Viewing the evidence in a light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705), we find no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.