■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered May 22, 1990, convicting him of attempted kidnapping in the second degree, petit larceny, criminal possession of a weapon in the third degree, attempted robbery in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the court violated the provisions of CPL 310.30 by failing to give him sufficient notice and opportunity to respond to notes from the jury prior to responding to the notes in open court. However, the defendant's contention is belied by the record. Prior to responding to the jury notes in open court, the Trial Judge read each note into the record. It is clear that the parties were present during this time, because both the prosecutor and the defendant's counsel spoke on the record at times prior to their announced presence by the clerk of the court. This was consistent with the court clerk's practice throughout the trial of not announcing all parties present until after the jury had entered the courtroom.

The defendant also contends that the evidence was legally insufficient to support his conviction for attempted kidnapping in the second degree because he was never identified and, in any event, there was no evidence of an intent to abduct the complainant. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

The defendant's involvement in the attempted kidnapping was sufficiently established by the evidence that he was discovered driving the car used in the commission of the crime

and in the company of the two codefendants who had been positively identified only minutes after the attempted kidnapping. In addition, the defendant was seated near the gun and knife which had been used during the commission of the crime. There had also been an attempted robbery only minutes after the attempted kidnapping, and the victim of the attempted robbery positively identified the defendant and the two codefendants. Under these circumstances, we find that the defendant's involvement in the attempted kidnapping was sufficiently established (see, People v Goodman, 156 AD2d 713). Furthermore, the attempted kidnapping was sufficiently established by the evidence that the two codefendants attempted to force the complainant into the car at gun and knife point, while the defendant sat behind the wheel of the car and said "Too much time, too much time. Shoot him". The fact that the complainant was able to escape does not negate the fact that the jury could reasonably infer that the defendant and his codefendants intended to kidnap the complainant (see, e.g., People v Balcom, 171 AD2d 1028; People v Pagano, 183 AD2d 792 [kidnapping established where victim forced into car and then escaped]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.