■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DE SOTO, Appellant. [600 NYS2d 88] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Lerner, J.), dated May 14, 1990, which,

after a hearing, denied his motion pursuant to CPL article 440 to vacate a judgment of conviction of the same court, rendered December 22, 1982, convicting him of kidnapping in the first degree, promoting prostitution in the second degree (two counts), assault in the second degree, rape in the third degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree, and criminal possession of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The record supports the hearing court's determination *(see, People v Prochilo,* 41 NY2d 759), that the defendant (1) retained the services of an attorney admitted to the Bar of this State to represent him in the underlying criminal action, and (2) the attorney at every critical stage was in charge of the defense team, and made all of the strategy decisions in connection with that defense. Moreover, on the defendant's direct appeal from the judgment of conviction *(see, People v De Soto,* 112 AD2d 444), this Court rejected his argument that his attorney had rendered ineffective assistance. Although an individual who was not admitted to the Bar of this State or any other jurisdiction was a member of the defense team, the record supports the conclusion that he was only a paralegal, who assisted the attorney in preparing the defense, but did not make any strategic decisions. Under these circumstances, the defendant failed to meet his burden of demonstrating that the paralegal's participation "affected the defense in such a way * * * that meaningful representation was not supplied under the Federal and State Constitutions" *(People v Winkler,* 71 NY2d 592, 597; *People v Leslie,* 154 Misc 2d 325; *cf., People v Felder,* 47 NY2d 287; *United States v Novak,* 903 F2d 883).

We have examined the defendant's remaining arguments and find them to be without merit *(see, People v Rodriguez,* 191 AD2d 723; *People v Bolling,* 167 AD2d 345; *People v Wilkins,* 133 AD2d 477). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.