■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CARDONA, Appellant. [610 NYS2d 824] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered July 28, 1992, convicting him of kidnapping in the second degree, rape in the first degree (five counts), sodomy in the first degree (four counts), and sexual

abuse in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his convictions for kidnapping in the second degree are barred by the judicially created merger doctrine which precludes a conviction for kidnapping based on acts which are integrally related but subordinate to another substantive crime (see, People v Gonzalez, 80 NY2d 146, 150; People v Geaslen, 54 NY2d 510; People v Salimi, 159 AD2d 658). However, this claim is unpreserved for appellate review as a matter of law (see, People v Salimi, 159 AD2d 658, supra; People v Wilsey, 99 AD2d 877), and we decline to exercise our discretion to review it in the interest of justice.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Contrary to the defendant's claim, the People proved the element of forcible compulsion by overwhelming evidence beyond a reasonable doubt (see, People v Thompson, 72 NY2d 410, 415-416; People v Coleman, 42 NY2d 500, 505; People v James M., 170 AD2d 696; People v Warren, 186 AD2d 697; People v Smolen, 166 AD2d 248; People v Hill, 163 AD2d 852), and the Supreme Court properly denied the defendant's requests to charge the jury on the crime of sexual misconduct (see, People v Glover, 57 NY2d 61, 63; People v McEaddy, 30 NY2d 519; People v Gleixner, 124 AD2d 675; People v Aglio, 112 AD2d 440; People v Simms, 58 AD2d 720).

The defendant's remaining contention is unpreserved for appellate review and we decline to review it in the interest of justice. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.