■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOCADIO GUILLOT, Appellant. [614 NYS2d 307] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (O'Dwyer, J.), both rendered December 13, 1990, convicting him of criminal possession of a weapon in the third degree under Indictment No. 3080/90, and robbery in the first degree, attempted robbery in the first degree, burglary in the first degree, robbery in the second degree, attempted robbery in the second degree, and unlawful imprisonment in the first degree (two counts) under Indictment No. 3398/90, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

This case involves two separate incidents which resulted in two separate indictments which were consolidated for a bench trial. The first incident occurred on May 29, 1990, when the defendant and another forced the complainants, at gunpoint, to return to the complainants' apartment where they took the complainants' money and jewelry. During the first incident, the defendant and his accomplice used walkie-talkies to keep in touch with each other and with the driver of their getaway car. The second incident occurred on June 2, 1990, when, in response to a radio call of a robbery that same day, the police stopped the defendant's car wherein they found a .32 caliber handgun and a walkie-talkie radio.

On appeal, the defendant contends that the court erred in consolidating the two indictments for trial. However, insofar as the defendant consented to a consolidation of the two indictments, his contention is unpreserved for appellate review *(see, People v Minor,* 49 AD2d 828; *see also, People v Whethers,* 191 AD2d 526; *People v Waytes,* 107 AD2d 774), and we find no basis in the record to review the matter in the exercise of our interest of justice jurisdiction.

Similarly, the defendant's contention that his convictions of unlawful imprisonment should be reversed because those convictions merged into his convictions of first degree and second degree robbery is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Cardona,* 202 AD2d 602; *People v Salimi,* 159 AD2d 658), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant was not denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137), and the sentences imposed are neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.