■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD CONNOR, Appellant. [631 NYS2d 402] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 16, 1993, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish the "abduct[ion]" element of kidnapping in the second degree which requires proof of restraint by either secreting or holding the victim in a place where he or she is not likely to be found (Penal Law § 135.00 [2] [a]) or by using or threatening to use deadly physical force (Penal Law § 135.00 [2] [b]). The People concede on appeal that there was no evidence of deadly physical force, therefore the element of abduction as defined in Penal Law § 135.00 (2) (b) was not established. The defendant's contention that the evidence was also legally insufficient to establish the element of abduction as defined by Penal Law § 135.00 (2) (a) is unpreserved for appellate review as this argument was not raised in the trial court *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In his motion to dismiss at the end of the People's case, the defendant argued only that the evidence was legally insufficient to establish that the abduction was accomplished by the use or threatened use of deadly physical force. In any event, we find that there was legally sufficient evidence to establish that the victim was secreted or held in a place where she was not likely

to be found *(see, e.g., People v Salimi,* 159 AD2d 658; *People v Valero,* 134 AD2d 635).

The defendant further contends that the verdict was against the weight of the evidence because, *inter alia,* the eyewitness' testimony, including her identification of him, was incredible. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Ritter and Hart, JJ., concur.