■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. BORKOWSKI, Appellant. [668 NYS2d 835] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted rape in the first degree and unlawful imprisonment in the second degree. We reject his contention that the prosecutor's exercise of a peremptory challenge constitutes a Batson violation (see, Batson v Kentucky, 476 US 79). County Court properly determined that the prosecutor offered a race-neutral explanation for her challenge, i.e., that the Black prospective juror appeared indecisive and likely to be easily led by other jurors (see, State v Murray, 184 Ariz 9, 24-25, 906 P2d 542, 557-558, cert denied 518 US 1010; People v Crittenden, 9 Cal 4th 83, 116-118, 885 P2d 887, 903-905, cert denied 516 US 849; State v Gonzalez, 206 Conn 391, 404-405, 538 A2d 210, 217). The court's determination is entitled to great deference (see, People v Hernandez, 75 NY2d 350, 356, affd 500 US 352), and we perceive no basis to disturb it.

We also reject the contention that the prosecutor's allegedly improper comments during summation deprived defendant of a fair trial. The comments "were within the wide rhetorical bounds granted to the prosecutor to comment * * * in response to defense counsel's summation" (People v Price, 144 AD2d 1013, lv denied 73 NY2d 895) and, in any event, were not so egregious that defendant was deprived of a fair trial (see, People v Rubin, 101 AD2d 71, 77; cf., People v Mott, 94 AD2d 415, 419).

Defendant failed to preserve for our review his contentions that the conviction of unlawful imprisonment in the second degree merged with the conviction of attempted rape in the

first degree and that the evidence is legally insufficient to support the conviction of attempted rape (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19; *People v Salimi*, 159 AD2d 658, *lv denied* 76 NY2d 742). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We further conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Rape, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.