■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARTER, Appellant. [695 NYS2d 458] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that he was denied due process and a fair trial because evidence of a prior bad act was admitted without notice to him (*see, People v Ventimiglia,* 52 NY2d 350; CPL 470.05 [2]). In any event, any error with respect to the admission of that evidence is harmless (*see, People v Crimmins,* 36 NY2d 230, 242). The evidence, viewed in the light most favorable to the People (*see, People v Thompson,* 72 NY2d 410, 413, *rearg denied* 73 NY2d 870), is legally sufficient to sustain the conviction of attempted kidnapping in the second degree and endangering the welfare of a child (*see, People v*

*Bleakley,* 69 NY2d 490, 495). The People presented evidence that defendant threatened to rape the child and pulled her by the wrist toward the open back door of his car, a place where she was not likely to be found (*see,* Penal Law §§ 110.00, 135.00 [2] [a]; § 135.20).

We further reject defendant's contention that the endangering the welfare of a child charge should be merged with the attempted kidnapping charge. Defendant's threat to the child before defendant grabbed her wrist satisfies the endangering charge (*see,* Penal Law § 260.10) and is separate from the attempt to pull the child into the car. Therefore, defendant was not charged with "kidnapping where the conduct underlying the charge constituted an inseparable part of another crime" (*People v Smith,* 47 NY2d 83, 87). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Donalty, J.—Attempted Kidnapping, 2nd Degree.) Present—Denman, P. J., Lawton, Hurlbutt, Scudder and Balio, JJ.