■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE GRAY, Appellant. [732 NYS2d 384] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree (Penal Law § 130.35 [1]), sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), and unlawful imprisonment in the first degree (Penal Law § 135.10). Defendant was sentenced as a second felony offender to concurrent terms of incarceration, the longest of which are determinate terms of 22 years imposed on the counts of rape and sodomy.

Contrary to defendant's contention, County Court was required to sentence defendant as a second felony offender (*see, People v Martinez,* 213 AD2d 1072, citing *People v Scarbrough,* 66 NY2d 673, *revg on dissenting opn of Boomer, J., at* 105 AD2d 1107, 1107-1109). The sentence imposed does not constitute cruel and unusual punishment (*see, People v Thompson,* 83 NY2d 477, 482-485; *People v Broadie,* 37 NY2d 100, 117, *cert denied* 423 US 950), nor is it unduly harsh or severe.

The evidence is legally sufficient to support the conviction of unlawful imprisonment in the first degree (*see generally, People v Bleakley,* 69 NY2d 490, 495), in particular, to show that de-

fendant restrained the victim "under circumstances which expose[d] the latter to a risk of serious physical injury" (Penal Law § 135.10; *see, People v Vasquez,* 191 AD2d 659, 659-660; *People v Piotter,* 142 AD2d 939; *People v Szymczak,* 60 AD2d 663, 663-664).

The crime of unlawful imprisonment did not merge with the crimes of rape and sodomy (*see, People v Gonzalez,* 80 NY2d 146, 152-153; *People v Cassidy,* 40 NY2d 763, 767; *cf., People v Geaslen,* 54 NY2d 510, 516-517). The rape and sodomy were completed before defendant, for reasons independent of those crimes, restrained the victim for three hours (*see, People v Schojan,* 272 AD2d 932, 934, *lv denied* 95 NY2d 871; *People v Biro,* 227 AD2d 944, 945, *lv denied* 88 NY2d 980; *People v Singleton,* 207 AD2d 995, *lv denied* 84 NY2d 1038).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Rape, 1st Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.