THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Also Known as DANNY SANTIAGO, Appellant. [757 NYS2d 922] —Appeal from a judgment of Monroe County Court (Marks, J.), entered May 30, 2001, convicting defendant upon his plea of guilty of sexual abuse in the first degree and after a jury trial of, inter alia, unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of unlawful imprisonment in the second degree (Penal Law § 135.05) and endangering the welfare of a child (§ 260.10 [2]), and further convicting him, upon his plea of guilty, of sexual abuse in the first degree (§ 130.65 [1]), a count on which the jury had been unable to reach a verdict. Defendant did not move to withdraw his guilty plea or vacate the judgment of conviction. He thus has failed to preserve for our review his contention that the conviction of sexual abuse should be vacated because County Court failed to advise him at the time of the plea that he would be subject to a period of postrelease supervision (*see People v Shumway,* 295 AD2d 916, 917 [2002]; *People v Minter,* 295 AD2d 927 [2002], *lv denied* 98 NY2d 712 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the inter-

est of justice (*see People v Crump,* 302 AD2d 901 [2003]; *People v White,* 296 AD2d 867 [2002], *lv denied* 99 NY2d 540 [2002]).

Contrary to the contention of defendant, the evidence that he restrained his victim is legally sufficient to support the conviction of unlawful imprisonment (*see* Penal Law § 135.00 [1]; *People v Dennee,* 291 AD2d 888, 889 [2002], *lv denied* 98 NY2d 650 [2002]; *see also People v Gray,* 288 AD2d 897, 897-898 [2001], *lv denied* 97 NY2d 729 [2002]). The further contention of defendant that his conviction of unlawful imprisonment merged with his conviction of sexual abuse is unpreserved for our review (*see People v Howard,* 294 AD2d 874, 875 [2002], *lv denied* 98 NY2d 697 [2002]; *People v Borkowski,* 247 AD2d 828 [1998], *lv denied* 91 NY2d 970 [1998]; *People v Hunter,* 234 AD2d 932 [1996], *lv denied* 89 NY2d 1036 [1997]) and indeed was forfeited by defendant's plea of guilty to sexual abuse after being found guilty of unlawful imprisonment (*see People v Hansen,* 95 NY2d 227, 230-231 [2000]; *cf. People v Brown,* 156 AD2d 204 [1989]; *People v Quackenbush,* 98 AD2d 875, 875-876 [1983]). In any event, defendant's contention lacks merit. After defendant completed the acts constituting the crime of sexual abuse, he further unlawfully restrained his victim in a manner that was not essential to the completion of that crime (*see People v Brown,* 112 AD2d 1087, 1087-1088 [1985]) and for reasons, such as concealing or silencing the victim, that were independent of that crime (*see Gray,* 288 AD2d at 898; *see also People v Moore,* 154 AD2d 929 [1989], *lv denied* 75 NY2d 773 [1989]; *People v Piotter,* 142 AD2d 939, 940 [1988]; *People v Wilsey,* 99 AD2d 877 [1984]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.