■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LEIVA, Appellant. [872 NYS2d 448]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered May 16, 2005, convicting defendant, after a jury trial, of kidnapping in the second degree and assault in the second degree, and sentencing him to concurrent terms of 15 and 5 years, respectively, and order, same court and Justice, entered on or about August 6, 2007, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's argument that the kidnapping merged with the assault is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. "[T]he merger doctrine was not designed to merge true kidnappings into other crimes merely because the kidnappings were used to accomplish ultimate crimes . . . Only if the conduct underlying the abduction was incidental to and inseparable from another crime, will the doctrine apply" (*People v Smith*, 47 NY2d 83, 87 [1979]). In the case at bar, the five-to-six-hour restraint was far more extensive than necessary to accomplish the assault (*see People v Romance*, 35 AD3d 201, 203 [2006], *lv denied* 8 NY3d 926 [2007]; *People v Peters*, 1 AD3d 270 [2003], *lv denied* 1 NY3d 632 [2004]). Although defendant assaulted the victim many times over the course of the incident, there were extensive periods when he restrained her without assaulting her. Furthermore, the merger doctrine does not apply "where the manner of detention is egregious" (*People v Gonzalez*, 80 NY2d 146, 153 [1992]). The detention in the instant case was marked by brutal and degrading treatment (*see People v Thomas*, 212 AD2d 474, 475 [1995], *lv denied* 85 NY2d 944 [1995]; *People v Epps*, 160 AD2d 171, 172 [1990], *lv denied* 76 NY2d 734 [1990]). For the foregoing reasons, we likewise reject that branch of defendant's ineffective assistance claim in which he asserts his trial attorney should have raised the merger issue.

Defendant received effective assistance of counsel under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and his CPL 440.10 motion asserting ineffective assistance was without merit. Defendant, who was represented by a series of attorneys, failed to "demonstrate the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for the absence of a psychiatric lack-of-intent defense and alleged deficiencies in the presentation of an intoxication defense. Although the function of a CPL 440.10 motion, in the present context, is to expand the trial record (*see People v Love*, 57 NY2d 998 [1982]), defendant submitted no affidavits from the lawyers who represented him at the relevant times or from anyone else who could shed light on counsel's strategic decisions. That the lawyers who represented defendant in the early stages of the case failed to investigate the feasibility of a psychiatric defense, or chose to employ such a defense but carelessly failed to file a CPL 250.10 notice, cannot simply be assumed. That one or more of these lawyers decided that such a defense had little hope of success (*see People v Royster*, 40 AD3d 885, 886 [2007], *lv denied* 9 NY3d 881 [2007]) or might have undermined better defenses also is plausible.

Nor can it be assumed that defendant's trial lawyer never contacted an expert witness about an intoxication defense. We cannot disregard the possibility that this lawyer contacted the two experts whose names he gave to the People and determined that neither of them would be able to offer useful testimony. Similarly, since defendant's trial counsel presented other proof of defendant's intoxication, counsel could have concluded that introducing a notation contained in defendant's medical records would have been cumulative.

Furthermore, even if defendant's attorneys should have taken all the steps with regard to psychiatric and intoxication defenses that defendant claims they should have taken, nothing in the trial record or the submissions on the CPL 440.10 motion establishes that such defenses would have had any reasonable chance of success. Accordingly, defendant has not established that any of the alleged deficiencies caused him any prejudice or deprived him of a fair trial.

We perceive no basis for reducing the sentence. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.