■ The People of the State of New York, Respondent, v Michael Burkhardt, Appellant. [917 NYS2d 884]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), rendered December 20, 2007, convicting him of kidnapping in the second degree and endangering the welfare of a child, and imposing sentence, and (2), by permission, from an order of the County Court, Suffolk County (Hudson, J.), dated December 15, 2009, which denied his motion pursuant to CPL article 440 to vacate the judgment of conviction upon the ground of ineffective assistance of trial counsel.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prose-

cution, we find that the conviction of kidnapping in the second degree was supported by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). Further, upon our independent review of the evidence, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied the defendant's request for an instruction on renunciation because the kidnapping of the child-victim was complete when the defendant forcibly seized the child, placed her in his car, which had tinted windows, and drove off from the place where he had grabbed her (*see People v Carter*, 263 AD2d 958, 959 [1999]; *People v Salimi*, 159 AD2d 658 [1990]; *People v Valero*, 134 AD2d 635, 636 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The County Court properly denied the defendant's motion pursuant to CPL article 440 to vacate his conviction. The defendant was provided with the effective assistance of counsel at trial and at sentencing (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.