■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED JOHNSON, Appellant. [940 NYS2d 40]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered December 7, 2010, convicting defendant, after a jury trial, of forcible touching, and sentencing him to a term of one year, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning cred-

ibility and identification. The conduct described by the victim, which was also observed by police officers, met the definition of forcible touching (*see* Penal Law § 130.52).

Since defendant did not make a timely objection to the jury's mixed verdict, he did not preserve his claim that the verdict was repugnant, and we decline to review it in the interest of justice. A repugnancy claim can only be preserved by way of an application made after the verdict is rendered, but before the jury is discharged, when it is still possible to remedy any defect by resubmitting the charges (*see People v Alfaro*, 66 NY2d 985 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]). There is no merit to defendant's suggestion that the preservation requirement was satisfied by events occurring at stages of the proceedings other than the rendition of the verdict. As an alternative holding, we find that the verdict was not repugnant. "If there is a possible theory under which a split verdict could be legally permissible," as charged to the jury, the verdict "cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d 532, 540 [2011]).

The court properly denied defendant's speedy trial motion. The periods of delay at issue were correctly excluded as resulting from pretrial motions, including the time that the motions were under consideration by the court (*see* CPL 30.30 [4] [a]), regardless of whether a valid accusatory instrument was in place at the time (*see People v Worley*, 66 NY2d 523 [1985]).

We have considered and rejected defendant's remaining claims. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.

---

Motion to file a pro se supplemental reply brief granted.