■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN COLE, Appellant. [33 NYS3d 466]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered May 23, 2013, convicting him of kidnapping in the second degree, robbery in the third degree, unlawful imprisonment in the second degree, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and on the facts, by vacating the convictions of unlawful imprisonment in the second degree and assault in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that the conviction of kidnapping in the second degree was supported by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). The evidence established that the defendant, acting in concert with his codefendants, restrained the complainant with intent to prevent her liberation by secreting her in a place where she was unlikely to be found, i.e., a car with tinted windows traveling through Brooklyn (*see* Penal Law § 135.00 [2]; *People v Gonzalez*, 80 NY2d 146, 148 [1992]; *People v Burkhardt*, 81 AD3d 970

[2011]; *People v Salimi*, 159 AD2d 658 [1990]; *People v Valero*, 134 AD2d 635 [1987]). Further, upon our independent review of the evidence, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Moreover, the defendant's conviction of kidnapping in the second degree did not merge with his conviction of robbery in the third degree inasmuch as the kidnapping was not incidental to and inseparable from the robbery of the complainant (*see People v Gonzalez*, 80 NY2d at 153; *People v Collazo*, 45 AD3d 899, 901 [2007]). The kidnapping was marked by brutal and degrading treatment and was already completed, in all of its elements, before the complainant was robbed (*see People v Gonzalez*, 80 NY2d at 153; *People v Leiva*, 59 AD3d 161 [2009]; *People v Sceravino*, 193 AD2d 824, 825 [1993]).

However, as the People correctly concede, the defendant's conviction of unlawful imprisonment in the second degree must be vacated, since that charge is a lesser-included offense of kidnapping in the second degree (*see* Penal Law §§ 135.00 [2]; 135.05, 135.20; CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *People v Best*, 120 AD3d 707, 709 [2014]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the third degree is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). However, upon our independent review of the record (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we find that the verdict of guilt on this count was against the weight of the evidence, since the evidence presented at trial did not establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Boley*, 106 AD3d 753 [2013]; *People v Young*, 99 AD3d 739 [2012]; *People v Zalevsky*, 82 AD3d 1136 [2011]; *People v Williams*, 46 AD3d 1115 [2007]; *People v Goins*, 129 AD2d 733 [1987]). Accordingly, we vacate the conviction of assault in the third degree and the sentence imposed thereon, and dismiss that count of the indictment.

The defendant failed to preserve for appellate review his contention that the sentence the Supreme Court imposed improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Dunaway*, 134 AD3d 952, 954 [2015]). In any event, this contention is without merit (*see People v Dunaway*, 134 AD3d at 954).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.