THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTRAM BARNETTE, Appellant. [56 NYS3d 322]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered June 10, 2013, convicting him of kidnapping in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that the conviction of kidnapping in the second degree was supported by legally sufficient evidence (*see People*

*v Contes*, 60 NY2d 620, 621 [1983]). The evidence established that the defendant, acting in concert with his codefendants, restrained the complainant with intent to prevent her liberation by secreting her in a place where she was unlikely to be found, i.e., a car with tinted windows traveling through Brooklyn (*see* Penal Law § 135.00 [2]; *People v Gonzalez*, 80 NY2d 146, 148 [1992]; *People v Cole*, 140 AD3d 1183 [2016]; *People v Burkhardt*, 81 AD3d 970 [2011]; *People v Salimi*, 159 AD2d 658 [1990]; *People v Valero*, 134 AD2d 635 [1987]; *see also People v Bello*, 92 NY2d 523, 526 [1998]). Moreover, the defendant's conviction of kidnapping in the second degree did not merge with the robbery charges inasmuch as the kidnapping was not incidental to and inseparable from the robbery of the complainant (*see People v Gonzalez*, 80 NY2d at 153; *People v Cole*, 140 AD3d 1183 [2016]). The kidnapping was marked by brutal and degrading treatment and was already completed, in all of its elements, before the complainant was robbed (*see People v Gonzalez*, 80 NY2d at 153; *People v Cole*, 140 AD3d 1183 [2016]; *People v Leiva*, 59 AD3d 161 [2009]; *People v Sceravino*, 193 AD2d 824, 825 [1993]).

The defendant failed to preserve for appellate review his contention, raised in his pro se supplemental brief, that his conviction of kidnapping in the second degree was repugnant to his acquittal on the robbery and assault charges (*see People v Alfaro*, 66 NY2d 985 [1985]; *People v Johnson*, 93 AD3d 408 [2012]). In any event, the verdict was not repugnant, as the jury could have found that the defendant shared his codefendants' intent to kidnap the complainant and aided in that crime, but did not share the intent to rob or assault her or participate in those crimes (*see People v Muhammad*, 17 NY3d 532, 539-540 [2011]; *People v Wallace*, 9 AD3d 438 [2004]; *People v Rogers*, 177 AD2d 666 [1991]; *People v Olcan*, 143 AD2d 369 [1988]). Further, upon our independent review of the evidence, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]; *cf. People v Fisher*, 104 AD3d 868, 869 [2013]).

However, as the People correctly concede, the defendant's conviction of unlawful imprisonment in the second degree must be vacated, since that charge is an inclusory concurrent count of kidnapping in the second degree (*see* Penal Law §§ 135.00 [2]; 135.05, 135.20; CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *People v Cole*, 140 AD3d 1183 [2016]).

The defendant's claim, raised in his pro se supplemental brief, of ineffective assistance of counsel at the suppression

hearing is based, in part, upon matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel at the hearing (*see People v Benevento*, 91 NY2d 708, 713 [1998]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (*see People v Sanders*, 148 AD3d 846 [2017]; *People v Byrd*, 116 AD3d 875 [2014]). The defendant received meaningful representation at trial and at sentencing (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d at 712-713).

The defendant's challenge, raised in his pro se supplemental brief, to the felony complaint is academic, since the felony complaint was superseded by an indictment (*see People v Barnett*, 108 AD3d 638 [2013]; *People v Anderson*, 90 AD3d 1475 [2011]). Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.