■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MANNING, Appellant. [59 NYS3d 229]—

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 30, 2015. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree and attempted kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20) and attempted kidnapping in the second degree (§§ 110.00, 135.20). Defendant and his codefendant (defendants) were at a costume party, and the codefendant was dressed as an FBI agent. Defendants left together in an SUV

and, upon encountering a woman (hereafter, first victim) on the street, defendants got out of the SUV, announced themselves as FBI agents, and tried to pull the first victim's arms behind her back. When two men approached to see what was going on, defendants got back into the SUV and drove away, and the first victim flagged down a police vehicle. Defendants then encountered another woman (hereafter, second victim) and again got out of the SUV and acted as if they were FBI agents. One of them put the second victim in handcuffs, defendant "hoisted" her into the SUV, and defendants began questioning her about a supposed murder investigation. An officer interviewing the first victim happened to see the SUV driving a few blocks away, and the police pursued it. The codefendant, who was driving, stopped the vehicle and fled, and the officers found defendant and the handcuffed second victim in the back seat. Both victims worked as prostitutes, but each victim testified that she did not approach the SUV for that purpose, and further testified that it did not seem like defendants were joking.

We reject defendant's contention that the evidence is legally insufficient to establish an attempted abduction of the first victim and an abduction of the second victim (*see* Penal Law §§ 135.00 [2] [a]; 135.20). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), supports a reasonable inference that defendants intended to move the first victim into the SUV (*see generally People v Denson*, 26 NY3d 179, 189 [2015]; *People v Brown*, 187 AD2d 664, 665 [1992], *lv denied* 81 NY2d 968 [1993]), and it is legally sufficient to establish that the SUV, once in motion, was "a place where [the victims were] not likely to be found" (§ 135.00 [2] [a]; *see People v Grohoske*, 148 AD3d 97, 103 [2017], *lv denied* 28 NY3d 1184 [2017]; *People v Cole*, 140 AD3d 1183, 1183-1184 [2016], *lv denied* 28 NY3d 970 [2016]; *People v Carter*, 263 AD2d 958, 959 [1999], *lv denied* 94 NY2d 820 [1999]). The evidence is also sufficient to establish that defendants restrained the second victim "with intent to prevent [her] liberation" (§ 135.00 [2] [a]; *see People v Linderberry*, 222 AD2d 731, 734 [1995], *lv denied* 87 NY2d 975 [1996]; *cf. People v Brinson*, 55 AD2d 844, 844-845 [1976]), even though she was restrained in the SUV for a relatively short time (*see People v Hinton*, 258 AD2d 874, 874 [1999], *lv denied* 93 NY2d 1019 [1999]; *People v Balcom*, 171 AD2d 1028, 1028-1029 [1991], *lv denied* 78 NY2d 920 [1991]; *see also People v Burkhardt*, 81 AD3d 970, 971 [2011], *lv denied* 17 NY3d 793 [2011]). In particular, the second victim testified that she asked to be released and was told to shut up, that defendant pulled on her clothing

and tried to take pictures of her with his phone, that defendants gave no indication that she would be released, and that the codefendant stopped the SUV only in response to the police pursuit. Defendant's further contention that the evidence is insufficient to establish his accessorial liability for the crimes is unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Hales*, 272 AD2d 984, 984 [2000], *lv denied* 95 NY2d 935 [2000]), and it is without merit in any event (*see People v Allah*, 71 NY2d 830, 832 [1988]; *People v Chambers*, 184 AD2d 568, 569 [1992], *lv denied* 80 NY2d 928 [1992]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to reject the defense theory that defendants intended only to play a joke or prank on the victims (*see People v Hunter*, 142 AD3d 1381, 1381 [2016]; *Matter of Rashaun S.*, 46 AD3d 412, 412 [2007]), as well as defendant's assertions in a police interview that the second victim was "with it" and got into the SUV willingly (*see People v Valero*, 134 AD2d 635, 635-636 [1987], *lv denied* 70 NY2d 1011 [1988]; *see generally People v Frankline*, 87 AD3d 831, 832 [2011], *lv denied* 19 NY3d 973 [2012]). The challenges that defendant raises on appeal to the credibility of the victims " 'were matters for the jury to determine, and we see no reason to disturb its verdict' " (*People v Thompson*, 147 AD3d 1298, 1300 [2017]; *see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that he was denied effective assistance of counsel in connection with his decision to reject a pretrial plea offer and proceed to trial (*see generally Lafler v Cooper*, 566 US 156, 162-163 [2012]). That contention involves strategic discussions between defendant and his attorney outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10 (*see People v Mangiarella*, 128 AD3d 1418, 1418 [2015]; *People v Rosario*, 43 AD3d 765, 765 [2007], *lv denied* 9 NY3d 1009 [2007]). On the record before us, defendant has not established that his rejection of the plea offer was attributable to ineffective assistance of counsel (*see People v Nicelli*, 121 AD3d 1129, 1130 [2014], *lv denied* 24 NY3d 1220 [2015]; *People v Bennett*, 277 AD2d 1008, 1008 [2000], *lv denied* 96 NY2d 780 [2001]; *see also People v Rodriguez*, 133 AD3d 619, 620 [2015], *lv denied* 27 NY3d 968 [2016]). Finally, we reject defendant's contention that his sentence—a determinate term of imprisonment of 10 years

plus a period of postrelease supervision for the class B violent felony offense of kidnapping in the second degree, and a lesser concurrent term for the class C violent felony offense of attempted kidnapping in the second degree (*see* Penal Law § 70.02 [1] [a], [b])—is unduly harsh and severe (*see generally People v Lemery*, 107 AD3d 1593, 1595 [2013], *lv denied* 22 NY3d 956 [2013]). Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.