People v Owens (2018 NY Slip Op 03280)





People v Owens


2018 NY Slip Op 03280


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


552 KA 16-01445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HAKIM OWENS, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 23, 2015. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree and attempted kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law
§ 135.20) and attempted kidnapping in the second degree (§§ 110.00, 135.20). The conviction arises from separate incidents on the same night involving defendant, his codefendant and two female victims (see People v Manning, 151 AD3d 1936 [4th Dept 2017], lv denied 30 NY3d 951 [2017]). The People presented evidence at trial that defendant, dressed as an FBI agent, left a costume party with the codefendant in an SUV. They encountered a woman (first victim) walking, identified themselves as FBI agents, and tried unsuccessfully to pull her into the SUV. Defendant and the codefendant left the scene in the SUV and shortly thereafter encountered another woman (second victim) walking. They again identified themselves as FBI agents, one of them placed the second victim in handcuffs, and the codefendant lifted her into the back seat of the SUV. While two police officers were interviewing the first victim, they noticed the SUV driving past them and pursued it in their patrol car. Defendant stopped the SUV and fled on foot, and another police officer stopped and arrested defendant after pursuing him on foot.
As we previously determined on the appeal of codefendant, having viewed the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Manning, 151 AD3d at 1938).
We reject defendant's contention that he was deprived of a fair trial when the prosecutor pointed at the defense table as he questioned the first victim concerning her previous identification of defendant at a showup procedure. Even assuming, arguendo, that the prosecutor's conduct was improper, we conclude that it was not so egregious that it deprived defendant of a fair trial (see generally People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017]).
County Court properly denied defendant's motion to suppress the first victim's identification testimony on the ground that the showup procedure was unduly suggestive. The People established that the showup procedure was conducted in "geographic and temporal proximity to the crime" (People v Ortiz, 90 NY2d 533, 537 [1997]; see People v Dangerfield, 140 AD3d 1626, 1627 [4th Dept 2016], lv denied 28 NY3d 928 [2016]), and the fact that the first victim viewed defendant after he got out of a patrol car did not render the procedure unduly suggestive (see People v Wilson, 104 AD3d 1231, 1232 [4th Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1078 [2013]).
Defendant did not challenge the legality of his pursuit, detention or arrest by the police officers in his omnibus motion or at the suppression hearing. Thus, his contentions that his pursuit, detention and arrest were illegal, and that the showup identification was the fruit of an illegal arrest, are not preserved for our review (see People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court