■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO OCHOA, Appellant. [692 NYS2d 388] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered December 5, 1996, convicting defendant, after a jury trial, of five counts of grand larceny in the third degree and one count of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to three concurrent terms of 3 to 6 years to be served consecutively to three concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied in its entirety. The record amply supports the court's finding that defendant's consent to search his bags was freely and voluntarily given, based on the totality of circumstances, including defendant's background and cooperative attitude and the absence of coercive police conduct (see, People v Gonzalez, 39 NY2d 122, 128-130). Defendant's additional suppression claims are unpreserved for appellate review since they were not previously raised and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The imposition of consecutive terms was lawful because each count pertained to the separate and distinct act of taking property from each of six separate victims, notwithstanding that defendant ultimately removed all the stolen goods from his place of business simultaneously (People v Brathwaite, 63 NY2d 839, 843; People v Adams, 225 AD2d 506, lv denied 88 NY2d 932). The trial evidence established that the taking of the various victims' property required separate physical acts. Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.

■ EDWARD J. SCHULTZ et al., Respondents, v TURNER CONSTRUCTION COMPANY et al., Appellants. [690 NYS2d 457] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 16, 1998, which denied defendants' motion to vacate plaintiffs' note of issue, unanimously affirmed, with costs.

In light of the motion court's subsequent order, entered on or about April 8, 1999, granting defendants' motion for reargument to the extent of ordering additional disclosure, we find no basis for disturbing the original order denying defendants' motion to vacate plaintiffs' note of issue. Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.