■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LEUNG, Appellant. [718 NYS2d 863] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered March 18, 1994, convicting him of robbery in the first degree (six counts), burglary in the first degree, robbery in the second degree (six counts), and unlawful imprisonment in the first degree (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of unlawful imprisonment in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the comments made by a prosecution witness during his testimony and by the prosecutor during summation, even if viewed cumulatively, do

not require reversal (*see, People v Galloway,* 54 NY2d 396; *People v Ortiz,* 54 NY2d 288). In addition, the Supreme Court properly imposed a mandatory surcharge on the defendant for each of the six counts of robbery in the first degree, as each count pertained to a separate and distinct act of taking property from a separate victim (*see,* Penal Law § 60.35; *People v Ochoa,* 263 AD2d 359).

The defendant's contention that the police did not have probable cause to arrest him, which is raised for the first time on appeal in his supplemental *pro se* brief, is unpreserved for appellate review and we decline to exercise our interest of justice jurisdiction (*see,* CPL 470.05 [2]; *People v Walker,* 251 AD2d 356). Additionally, the defendant was provided with meaningful representation, and his contentions with respect thereto are either without merit or amount to nothing more than disagreement with trial tactics (*see, People v Hobot,* 84 NY2d 1021; *People v Rivera,* 71 NY2d 705).

However, the defendant's convictions of seven counts of unlawful imprisonment in the first degree must be vacated and those counts of the indictment dismissed, as those convictions merged with the convictions on the counts of robbery in the first degree and robbery in the second degree (*see, People v Yong Yu Ye,* 279 AD2d 489 [decided herewith]; *see also, People v Gonzalez,* 80 NY2d 146; *People v Cassidy,* 40 NY2d 763). O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.