■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG YU YE, Appellant. [719 NYS2d 588] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered March 29, 1994, convicting him of robbery in the first degree (six counts), burglary in the first degree, robbery in the second degree (six counts), and unlawful imprisonment in the first degree (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of unlawful imprisonment in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the challenged comments made by the prosecution during voir dire, trial, and

summation do not require reversal (*see, People v Galloway,* 54 NY2d 396; *People v Ortiz,* 116 AD2d 531). In addition, the trial court properly admitted into evidence the Grand Jury testimony of one of the complainants to clarify her testimony at trial (*see, People v Torre,* 42 NY2d 1036). Furthermore, the defendant was not denied the effective assistance of counsel (*see, People v Rivera,* 71 NY2d 705).

However, as the People correctly concede, the defendant's convictions of unlawful imprisonment in the first degree must be vacated and the counts of the indictment charging those crimes dismissed, as those convictions merged with the convictions for the counts of robbery in the first degree and robbery in the second degree (*see, People v Gonzalez,* 80 NY2d 146; *People v Cassidy,* 40 NY2d 763). Although unpreserved for appellate review, we reach this issue in the interest of justice (*see,* CPL 470.15 [6]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.