■ In the Matter of TANISHA B., a Person Alleged to be a Juvenile Delinquent, Appellant. [745 NYS2d 473] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Pearce, J.), dated May 26, 1999, made upon Tanisha B.'s admission, finding that she committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, and (2) an order of disposition of the same court, dated June 22, 1999, which, upon the fact-finding order, adjudicated Tanisha B. a juvenile delinquent and placed her in the custody of the Office of Family and Children Services for a period of 18 months for placement in a limited secure facility.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed Tanisha B. in the custody of the Office of Family and Children Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Carlos S.,* 243 AD2d 569); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

We reject the appellant's contention that the Family Court's determination was against the weight of the evidence. Since the Family Court saw and heard the testimony of all of the witnesses, its assessment of their credibility is entitled to great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see Matter of Tyrell A.,* 249 AD2d 467, 468; *Matter of Nnennya P.,* 247 AD2d 476, 477). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence (*see* Family Ct Act §§ 165, 303.1 [2]; *cf.* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 135).

The Family Court's determination that the appellant needed supervision, treatment, and placement was clearly based on a preponderance of the material and relevant evidence adduced during the dispositional hearing (*see* Family Ct Act § 350.3; *cf.* Family Ct Act § 352.1 [2]). Furthermore, the appellant's challenge to the length and type of placement ordered by the Family Court has been rendered academic, since she has completed the placement (*see Matter of William U.,* 285 AD2d 512, 513). Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.