■ In the Matter of ADAM B., a Person Alleged to be a Juvenile Delinquent, Appellant. [755 NYS2d 852] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated February 8, 2000, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (four counts), sexual abuse in the second degree (four counts), and unlawful imprisonment in the second degree, and (2) an order of disposition of the same court, dated April 17, 2000, as amended December 18, 2000, which, upon the fact-finding order, adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Tanisha B.,* 296 AD2d 494 [2002]); and it its further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the determination made in the fact-finding order (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Marcus M.,*

287 AD2d 505 [2001]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contentions are unpreserved for appellate review or without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.