■ In the Matter of WANJI W., a Person Alleged to be a Juvenile Delinquent, Appellant. [761 NYS2d 661] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Queens County (Bogacz, J.), dated May 8, 2002, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, menacing in the third degree, and unlawful imprisonment in the second degree, and (2) an order of disposition of the same court dated September 25, 2002, which, upon the fact-finding order, adjudicated the appellant to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Tanisha B.*, 296 AD2d 494 [2002]); and it is further,

Ordered that the order of disposition is modified, on the law and as a matter of discretion, by vacating the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that he committed acts which, if committed by an adult, would have constituted the crimes of menacing in the third degree and unlawful imprisonment in the second degree, and substituting therefor provisions dismissing those counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, the fact-finding order is modified accordingly, and the Office of Children and Family Services shall immediately release the appellant from its custody.

The appellant failed to preserve his contention regarding the legal sufficiency of the evidence of grand larceny in the fourth degree for appellate review (*cf.* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245, 250 [1989]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted robbery in the second degree and grand larceny in the fourth degree (*cf.* Penal Law § 160.10 [1]; 155.30 [5]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant failed to preserve his contention regarding the legal sufficiency of the evidence of menacing in the third degree for appellate review (*cf.* CPL 470.05 [2]). We reach the issue in the exercise of our discretion and find that the evidence was legally insufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of menacing in the third degree beyond a reasonable doubt because it did not establish that the complainant had a well-founded fear of serious physical injury (*cf. Matter of Steven W.*, 294 AD2d 370, 371 [2002]; *Matter of Michael H.*, 294

AD2d 364, 365 [2002]; *Matter of Akida L.,* 170 AD2d 680, 681 [1991]). Thus, the finding of menacing in the third degree must be vacated and that count of the petition dismissed.

The appellant failed to preserve his contention that the count of unlawful imprisonment in the second degree merged with the count of robbery in the second degree (*cf.* CPL 470.05 [2]; *People v Guillot,* 205 AD2d 705, 706 [1994]; *People v Sage,* 204 AD2d 746, 747 [1994]). In exercising our discretion, we find that the merger doctrine precludes the count of unlawful imprisonment in the second degree because there was no asportation, the restraint and the robbery were essentially simultaneous and inseparable, and the manner of detention was not egregious (*cf. People v Cain,* 76 NY2d 119, 124-125 [1990]; *People v Geaslen,* 54 NY2d 510, 516-517 [1981]; *People v Yong Yu Ye,* 279 AD2d 489, 490 [2001]; *People v Leung,* 279 AD2d 480, 481 [2001]; *People v Mitchell,* 191 AD2d 460, 461 [1993]). Thus, the finding of unlawful imprisonment in the second degree must be vacated and that count of the petition dismissed.

The Family Court should have credited the appellant for the time spent in detention since November 14, 2001, rather than May 8, 2002 (*see* Family Ct Act § 353.3 [5]). Based on an award of credit from November 14, 2001, the period of placement of 18 months expired on May 14, 2003. Accordingly, the Office of Children and Family Services is directed to immediately release the appellant from its custody. Moreover, since the period of placement has expired, the issue of whether the placement was proper is academic.

The appellant's remaining contentions are without merit. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.