■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD ZAPATA, Respondent. [837 NYS2d 110]—

Order, Supreme Court, New York County (Maxwell Wiley, J.), entered March 3, 2006, which granted defendant's motion to suppress statements and physical evidence, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

When the police officer, who had been trained to look out for persons who surreptitiously take photographs underneath women's clothing, observed defendant pointing the telephoto zoom lens of his digital camera across the street at a group of girls sitting on the steps of the Metropolitan Museum, he had an objective and credible reason to approach defendant and ask what he was photographing (*see People v Moore*, 6 NY3d 496, 498 [2006]; *People v De Bour*, 40 NY2d 210, 223 [1976]). Defendant's response—to immediately point the camera lens upward and say, "oh, no, I'm just taking pictures of the [museum] buildings," which were under construction and covered in protective drapery—justified the officer's apprehension that defendant actually was photographing the girls, such that, contrary to the suppression court's finding, his request to see the pictures was reasonable (*People v Hollman*, 79 NY2d 181, 185, 191-192 [1992]). Probable cause to arrest defendant for unlawful surveillance in the second degree, also known as "Stephanie's Law" (Penal Law § 250.45 [4]), existed when, upon defendant's consent, the officer observed in plain view the screen of the camera showing a picture zoomed in between a girl's legs, displaying her undergarments (*see People v Polanco*, 292 AD2d 29, 34 [2002]; *People v Ochoa*, 263 AD2d 359 [1999], *lv denied* 94 NY2d 865 [1999]). The seizure of the camera to prevent defendant from deleting any further photographs was incidental to defendant's arrest and proper (*see People v Webb*, 291 AD2d 319, 320 [2002]). Defendant's subsequent statements made during the arrest were spontaneous and not the product of custodial interrogation and therefore admissible at trial (*see People v Ealey*, 272 AD2d 269 [2000], *lv denied* 95 NY2d 865 [2000]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.