THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNY J. ALLEN, Appellant. [716 NYS2d 347] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Oswego County Court, McCarthy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL BENNETT, Appellant. [716 NYS2d 631] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel because his attorney allowed him to reject a plea offer that would have resulted in a drastically lower sentence (see, Boria v Keane, 99 F3d 492, cert denied 521 US 1118). That contention is based in large part upon facts that are outside the record and thus not subject to review on direct appeal (see, People v Dibble [appeal No. 2], 277 AD2d 969 [decided herewith]; People v Ford, 184 AD2d 1013, lv denied 80 NY2d 929). The appropriate vehicle for review is through commencement of a proceeding pursuant to CPL article 440 (see, People v Steele, 135 AD2d 673, lv denied 70 NY2d 1011; see, e.g., People v Sherk, 269 AD2d 755, lv denied 95 NY2d 804). Based on the record before us, we conclude that defense counsel's performance amply met the standard of meaningful representation.

The sentence, as modified by operation of law (see, Penal Law § 70.30 [1] [e] [i], [vi]), is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. BRAUEN, Appellant. (Appeal No. 1.) [716 NYS2d 634] —Judgment unanimously affirmed (see, People v Lococo, 92 NY2d 825, 827). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.