■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAKE SMITH, Appellant. [718 NYS2d 777] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). It was within the jury's province to reject the testimony of defendant's alibi witnesses and to credit the testimony of the police officers who witnessed the drug transaction (*see, People v Burks,* 227 AD2d 905, *lv denied* 88 NY2d 981; *People v Medina,* 228 AD2d 362, 363, *lv denied* 88 NY2d 1022). County Court properly denied defendant's request for a circumstantial evidence charge. Because the evidence against defendant was both direct and circumstantial, he was not entitled to such a charge (*see, People v Florez,* 265 AD2d 491, *lv denied* 94 NY2d 880; *People v Monje,* 179 AD2d 437, 438, *lv denied* 79 NY2d 951). The court also properly denied defendant's request for an agency charge. No reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer (*see, People v Herring,* 83 NY2d 780, 782; *People v Tabora,* 139 AD2d 540, 543, *lv denied* 72 NY2d 925). Contrary to defendant's contention, the court charged the jury on the alibi defense and unequivocally conveyed to the jury that the People had the burden of disproving that defense beyond a reasonable doubt (*see generally, People v Victor,* 62 NY2d 374, 378). Defendant's remaining contentions relating to the alibi charge are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The court properly denied defendant's objection to the prosecutor's exercise of a peremptory challenge to exclude a Hispanic potential juror. The prosecutor provided facially neutral reasons for striking that juror and defendant made no allegation that those reasons were pretextual (*see, People v Allen,* 86 NY2d 101, 110-111). Finally, the contention that defendant was denied effective assistance of counsel is based upon facts that are outside the record and is thus not subject to review on direct appeal (*see,*

*People v Bennett,* 277 AD2d 1008). (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.