THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER D. FLOWERS, JR., Appellant. [764 NYS2d 740] —Appeal from a judgment of Monroe County Court (Connell, J.), entered October 17, 2001, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). Defendant contends that he accepted the plea offer because during the plea colloquy defense counsel threatened to withdraw

from representation if he did not accept it and that such threat rendered counsel ineffective. Although that contention survives the plea of guilty to the extent that defendant contends that the ineffective assistance infected the plea bargaining process (*cf. People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that there is nothing in the record to suggest that defendant was coerced into accepting the plea offer, and thus it cannot be said that he was denied effective assistance of counsel on that ground. Defendant further contends that he was denied effective assistance of counsel because his attorney did not pursue an alleged preindictment offer of a term of incarceration of 4½ to 9 years. That contention involves matters outside the record and thus is not reviewable on this appeal (*see People v James,* 269 AD2d 845, 846 [2000]; *see also People v Royal,* 306 AD2d 886 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.