■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE HARMON, Appellant. [854 NYS2d 714]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 7, 2005, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are

unreviewable on direct appeal because they involve matters outside the record including attorney-client consultations and the attorney's plea-bargaining strategy, with particular reference to his concession of his client's second felony offender status (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]), and that he has not shown that any potential conflict between himself and his attorney operated on the defense or caused him any prejudice (*see People v Abar*, 99 NY2d 406, 411 [2003]).

After sufficient inquiry (*see People v Frederick*, 45 NY2d 520 [1978]), the court properly denied defendant's motion to withdraw his guilty plea. The only ground defendant asserted was that he took the plea "under false pretenses he would be eligible for shock parole," apparently referring to a shock incarceration program (*see* Correction Law art 26-A). The court correctly determined that this claim was contradicted by the plea allocution, where defendant expressly disclaimed any off-the-record promises. Furthermore, there was no need for the court to assign new counsel for the plea withdrawal application. Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.