Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered October 6, 2009, as amended October 15, 2009, convicting defendant, after a jury trial, of assault in the first degree and two counts of criminal trespass in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.
The verdict was based on legally sufficient evidence. The element of serious physical injury was satisfied by evidence supporting the conclusion that the wounds inflicted by defendant caused serious disfigurement to the victim (see People v Mc-Kinnon, 15 NY3d 311, 315-316 [2010]). Photographs of the victim’s wounds, taken about a week after the crime, were received in evidence. The testimony of the victim and his treating physician, viewed as a whole, support the inference that at the time of trial a year later, the scars remained seriously disfiguring under the McKinnon standard. The record also supports the conclusion that defendant was criminally liable for the full extent of the victim’s disfigurement (see e.g. Matter of Anthony M., 63 NY2d 270, 280 [1984]; People v Stewart, 40 NY2d 692, 697 [1976]; People v Kane, 213 NY 260, 270 [1915]).
The court responded meaningfully to the jury’s narrowly tailored request for a readback of testimony (see People v Almodovar, 62 NY2d 126, 131-132 [1984]). The court reasonably interpreted the note as calling for the doctor’s description of the victim’s wounds, but not any expert opinions, and after the readback the jury did not make a followup request. In any event, in the circumstances presented, defendant was not “seriously prejudiced” (People v Lourido, 70 NY2d 428, 435 [1987]) by the absence of readback as to certain opinions by the doctor that were favorable to defendant on issues such as whether the injuries were life-threatening. These opinions did not relate to the theory of disfigurement and were not exculpatory with regard to that issue.
The court properly adjudicated defendant a second violent *549 felony offender. “[T]o obtain a hearing, a defendant must do more than make conclusory allegations that his prior conviction was unconstitutionally obtained. He must support his allegations with facts” (People v Konstantinides, 14 NY3d 1, 15 [2009]). Defendant only submitted the sentencing minutes for his predicate felony conviction, in which the attorney then representing defendant vaguely criticized the performance of a prior attorney in the predicate case. This fell far short of requiring a hearing (see id.).
We perceive no basis for reducing the sentence. Concur— Tom, J.P., Acosta, Saxe and Freedman, JJ.