Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered May 12, 2010, as amended May 28, 2010, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 6V2 years, unanimously affirmed.
Defendant’s assault conviction stems from the events that took place in a bar on October 15, 2009, when defendant struck the victim in the head with a “pint glass,” causing numerous lacerations to the victim’s neck, ear and scalp.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence as to the element of serious physical injury. The element of serious physical injury was satisfied by evidence supporting the conclusion that the wounds inflicted by defendant caused serious disfigurement to the victim (see People v McKinnon, 15 NY3d 311, 315-316 [2010]). The victim testified that, at the time of trial, six months after the attack, he had scars on the left side of his face, on the front and back of his neck, and on his skull behind his ear. He also testified that he had grown a beard to “blend [the scar on his neck] in so it won’t be that noticeable.” The treating physician testified that, on the day of the trial, he observed that the scar on the victim’s neck “appeared to be hypertrophic,” which, he explained, means “a bulky scar that’s red and almost looks piled up with scar tissue.” The testimony of the victim and his treating physician, viewed as a whole, and especially considering the prominent location of the wound on the face, support the inference that at the time of trial the scars remained seriously disfiguring under the McKinnon standard.
*486 The court properly adjudicated defendant a second violent felony offender based upon his 2002 guilty plea conviction to assault in the second degree. Defendant’s bald assertion that he had not been informed of the postrelease supervision component of his sentence at the time of his plea does not satisfy the burden of establishing that his prior conviction was unconstitutionally obtained. It was incumbent on defendant to come forward to prove his claim (CPL 400.21 [7] [b]), and the trial court did not err by relying on the presumption of regularity (see People v Hodges, 194 AD2d 484 [1st Dept 1993], lv denied 82 NY2d 720 [1993]).
Finally, we find that defendant’s sentence, which was less than the maximum, was not excessive in light of his significant record and the fact that this was a senseless act of violence that could have easily resulted in more severe injuries than it did. Concur — Gonzalez, P.J., Mazzarelli, Acosta and Renwick, JJ.