# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1402**
**KA 13-00520**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                          MEMORANDUM AND ORDER

MICHAEL T. REITZ, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 4, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), assault in the first degree (two counts) and endangering the welfare of a child (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts each of burglary in the first degree (Penal Law § 140.30 [2], [3]) and assault in the first degree (§ 120.10 [1], [2]), defendant contends that he was denied the effective assistance of counsel. We reject that contention. Although we agree with defendant that defense counsel should not have questioned him about a prior conviction after County Court's *Sandoval* ruling precluded the People from doing so, we conclude that defense counsel's error was "not so egregious and prejudicial that [it] deprived defendant of his right to a fair trial" (*People v Morrison*, 48 AD3d 1044, 1045, *lv denied* 10 NY3d 867; *see People v Hobot*, 84 NY2d 1021, 1024; *cf. People v Webb*, 90 AD3d 1563, 1564, *amended on rearg* 92 AD3d 1268).

We likewise reject defendant's contention that his conviction of assault in the first degree under Penal Law § 120.10 (1) and (2) is not supported by legally sufficient evidence of serious physical injury and serious disfigurement, respectively. With respect to section 120.10 (1), "[t]he element of serious physical injury was satisfied by evidence supporting the conclusion that the wound[] inflicted by defendant caused serious disfigurement to [the] victim['s] face[]" (*People v Matos*, 121 AD3d 545, 546; *see People v Snyder*, 100 AD3d 1367, 1368; *see generally People v Stewart*, 18 NY3d 831, 832). With respect to section 120.10 (2), a person is guilty of

assault in the first degree if he or she "[w]ith intent to disfigure another person seriously and permanently . . . causes such injury" (*id.*), and "[a] person is 'seriously' disfigured when a reasonable observer would find [his or] her altered appearance distressing or objectionable" (*People v McKinnon*, 15 NY3d 311, 315).  Here, the evidence at trial established that the victim sustained a four-inch-long wound to her cheek that left a permanent scar.  "[V]iewed as a whole, and especially considering the prominent location of the wound on the face, [the evidence at trial] support[s] the inference that at the time of trial the scar[] remained seriously disfiguring under the *McKinnon* standard" (*People v Coote*, 110 AD3d 485, 485, *lv denied* 22 NY3d 1198; *see Matos*, 121 AD3d at 546; *People v Gumbs*, 107 AD3d 548, 548, *lv denied* 22 NY3d 1156, *cert denied* ___ US ___, 135 S Ct 143).

Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and "[i]t was within the jury's province to reject the testimony of defendant's alibi witnesses" (*People v Smith*, 278 AD2d 837, 837, *lv denied* 96 NY2d 835).

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court