# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**586**
**KA 13-01550**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                          MEMORANDUM AND ORDER

ANTHONY J. MANGIARELLA, DEFENDANT-APPELLANT.

---

TYSON BLUE, CANANDAIGUA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 9, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of rape in the second degree (Penal Law § 130.30 [1]). Defendant contends that he was denied effective assistance of counsel because his first attorney failed to resolve the case pursuant to a preindictment plea offer that would have resulted in a less severe sentence (*see generally Lafler v Cooper*, ___ US ___, ___, 132 S Ct 1376, 1384-1385). Although that contention survives defendant's guilty plea inasmuch as he contends that his plea was infected by the alleged ineffective assistance (*see People v Peterson*, 56 AD3d 1230, 1230), it involves matters outside the record on appeal, including "attorney-client consultations and the attorney's plea-bargaining strategy" (*People v Harmon*, 50 AD3d 318, 319, *lv denied* 10 NY3d 935), and thus is properly raised by way of a motion pursuant to CPL 440.10 (*see People v Manor*, 121 AD3d 1581, 1583; *People v Flowers*, 309 AD2d 1237, 1238, *lv denied* 1 NY3d 571; *People v Bennett*, 277 AD2d 1008, 1008, *lv denied* 96 NY2d 780).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court