# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**564**

**KA 15-01002**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

STEPHEN L. MYERS, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 26, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, burglary in the third degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), burglary in the third degree (§ 140.20) and grand larceny in the fourth degree (§ 155.30 [1]). Even assuming, arguendo, that defendant did not knowingly, voluntarily and intelligently waive his right to appeal, we nevertheless conclude that none of defendant's contentions requires reversal or modification of the judgment.

We reject defendant's contention that his plea was involuntary because it was allegedly induced by the false promise that he would be eligible for shock incarceration. Nothing in the record suggests that defendant's eligibility for shock incarceration or his admission to that program was a condition of the plea (*see People v Demick*, 138 AD3d 1486, 1486, *lv denied* 27 NY3d 1150) and, during the plea proceeding, defendant expressly disclaimed any off-the-record promises (*see People v Harmon*, 50 AD3d 318, 319, *lv denied* 10 NY3d 935).

Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea proceeding with respect to the grand larceny count, inasmuch as his motion to withdraw the plea was made on a different ground (*see People v Gibson*, 140 AD3d 1786, 1787, *lv denied* 28 NY3d 1072). This case does not come within the narrow exception to the preservation rule (*see People v Lopez*, 71 NY2d 662,

666).

    Finally, defendant's contention that he was denied effective assistance of counsel is based upon matters outside the record and thus must be raised by a motion pursuant to CPL article 440 (*see People v Monaghan*, 101 AD3d 1686, 1686, *lv denied* 23 NY3d 965).