People v Henry (2018 NY Slip Op 07778)





People v Henry


2018 NY Slip Op 07778


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108333

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTHONY HENRY, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Christopher Hammond, Cooperstown, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 8, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In 2001, defendant was convicted of murder in the second degree and assault in the first degree and was sentenced to a prison term of 25 years to life on the murder conviction and 15 years on the assault conviction (People v Henry, 306 AD2d 539 [2003], lv denied 100 NY2d 621 [2003]). The certificate of conviction is silent as to whether the sentences were to run concurrently or consecutively; defendant insists that the sentences were to run concurrently but acknowledges that they are being served consecutively. For reasons not apparent from the face of the record, defendant was resentenced upon the foregoing convictions to the same terms of imprisonment in 2012.
Thereafter, in 2015, defendant was indicted and charged with one count of promoting prison contraband in the first degree. Defendant agreed to plead guilty to attempted promoting prison contraband in the first degree in exchange for a prison term of 1½ to 3 years — said sentence to be served consecutively to the prison term he already was serving. After defendant pleaded guilty and the matter was adjourned for sentencing, defendant raised an issue as to the constitutionality of his prior convictions — arguing that his murder conviction was unconstitutional because he had been convicted under the wrong subdivision of Penal Law § 125.25 and, further, that the sentence imposed upon his assault conviction was illegal because it arose out of the same criminal transaction as the murder conviction; therefore, defendant's argument continued, the sentences imposed thereon should have run concurrently with one another. Following numerous adjournments to permit defense counsel to develop this issue, County Court denied defendant's challenge to his predicate felon status without a hearing and [*2]thereafter sentenced him as a second felony offender to the agreed-upon term of imprisonment. Defendant now appeals.
We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Lamb, 162 AD3d 1395, 1396 [2018]; People v Gomez, 162 AD3d 1311, 1311-1312 [2018]; People v Gray, 162 AD3d 1248, 1248 [2018]), and we discern no basis upon which to invoke the narrow exception to the preservation requirement (see People v Sisto, 161 AD3d 1483, 1483 [2018], lv denied 32 NY3d 941 [2018]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]). Defendant, who was well aware that he would be sentenced as a second felony offender, raised no issue as to his predicate felon status at the time of his plea — inquiring only as to the manner in which his new term of imprisonment would run relative to the period of incarceration he already was serving — and did not otherwise make any statements that called into question the voluntariness of his plea (see People v Muller, 159 AD3d 1232, 1233 [2018]). As for County Court's asserted failure to rule on defendant's motion challenging the sufficiency of the grand jury minutes, defendant forfeited this claim, "as the right to challenge the sufficiency of the grand jury evidence ceases upon entry of a guilty plea" (People v Carston, 163 AD3d 1166, 1167 [2018], lv denied ___ NY3d ___ [Sept. 20, 2018]; see People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]). Finally, "[a]lthough defendant argued at sentencing that his prior convictions were unconstitutional, he failed to meet his burden to allege and prove the facts underlying his claims and, thus, to demonstrate his entitlement to a hearing" (People v Rice, 162 AD3d 1244, 1247 [2018] [internal quotation marks, brackets and citation omitted], lv denied 32 NY3d 940 [2018]; see People v Gumbs, 107 AD3d 548, 548-549 [2013], lv denied 22 NY3d 1156 [2014], cert denied ___ US ___, 135 S Ct 143 [2014]) — particularly given that the challenged convictions had been affirmed years earlier (see People v Rice, 162 AD3d at 1247) and defendant had been afforded ample opportunity to develop this issue prior to sentencing. Defendant's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.