People v Barber (2021 NY Slip Op 01914)





People v Barber


2021 NY Slip Op 01914


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


301 KA 18-02016

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
RONALD J. BARBER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered August 20, 2018. The judgment convicted defendant upon a jury verdict of criminal mischief in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the third degree (Penal Law § 145.05 [2]) based upon damage he caused to limousines belonging to the business where he was employed as a driver.
Defendant contends that he was denied effective assistance of counsel because defense counsel purportedly misadvised him of the pretrial plea offer and failed to review a video recording of defendant's interrogation before trial. Both of those contentions, however, rely on matters outside the record on appeal and must therefore be raised by motion pursuant to CPL 440.10 (see People v Spencer, 185 AD3d 1440, 1442 [4th Dept 2020]; People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; People v Mangiarella, 128 AD3d 1418, 1418 [4th Dept 2015]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury, we conclude that, although "an acquittal would not have been unreasonable," the verdict is not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348 [2007]). While surveillance video footage did not clearly show defendant damaging the limousines, it showed him walking successively behind each of the damaged limousines in a manner that witnesses testified had no legitimate business purpose. Based upon that evidence, in conjunction with the physical evidence and the testimony establishing the time frame in which the damage occurred, the jury, in convicting defendant, did not "fail[ ] to give the evidence the weight it should be accorded" (People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court